LEE KINDER, Petitioner, v. HUBERT UTTERBACK, Judge, Respondent.

**INTOXICATING LIQUORS:** Contempt—Evidence. Evidence held ample to sustain a conviction for contempt.

*Certiorari to Polk District Court.*—HUBERT UTTERBACK, Judge.

MARCH 11, 1924.

REHEARING DENIED JUNE 28, 1924.

IN the district court, this was a proceeding against the petitioner herein for contempt for violation of a liquor injunction. After due hearing, he was found guilty, and punishment was imposed accordingly. The petitioner sued out a writ of certiorari, and thereby brings the case before us for review.—*Affirmed.*

*A. G. Rippey,* for petitioner.

*Vernon R. Seeburger,* County Attorney, and *Russell Jordan,* for respondent.

EVANS, J.—Information was filed against the petitioner, charging violation of a previous liquor injunction, in that he maintained a place where intoxicating liquors were kept for sale, known as the West End Cigar Store, 1507 West Grand Avenue, Des Moines, Iowa. The information was predicated upon the disclosures of a certain raid made upon this place of business on June 13, 1923. It appears that, when the officers entered the place of business, one Wilcox, who was in charge of the place, hastily seized a jar, or container, and carried it into the back room, and dumped its contents into a receptacle of lysol and water. Before all its contents had escaped, however, the officers rescued it, with a remnant of the contents thereof. This was mixed with lysol and water. Wilcox, as a witness for the defendant at the hearing, admitted that the contents of this jar were either corn whisky or alcohol.

The more strenuous ground of defense urged is that Kinder, the petitioner, was not the owner of the place, and had nothing to do with the management thereof. It is undisputed that he bought the place in April preceding. He claims, however, that he sold the same on or about June 2d, to Wilcox, one of his employees. This contention presents the real contest of the case. It is wholly a question of fact, and we shall not rehearse the details of the evidence. The evidence offered by the petitioner is very definite, and is supported by a corroboration which was intentionally provided for in advance. Wilcox, his employee,

was a new arrival in the city. He purchased the store for the exact price paid by Kinder to Getchell. Armstrong and O'Mara became definite witnesses to the payment of the purchase price. It was paid by a "bunch of currency.". The witness O'Mara, who was also a recent arrival in the city, loaned Wilcox $250 of the money. It is somewhat paradoxical that this evidence is less persuasive than it would have been if it had been less fortified.

Considerable evidence of conduct and statements on the part of the petitioner clearly inconsistent with the claim of sale was proved by the State. We find it persuasive, and sufficient to sustain the finding of the respondent judge. The writ of certiorari is, therefore, discharged, and the order complained of is affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.